FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRITTANY B., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:22-CV-00127-RHW <br><br> REPORT AND RECOMMENDATION <br><br> ECF No. 10, 11 |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 10, 11. Attorney Jordan Goddard represents Brittany B. (Plaintiff); Special Assistant United States Attorney Erin F. Highland represents the Commissioner of Social Security (Defendant). This matter was referred to the undersigned magistrate judge for issuance of a report and recommendation. ECF No. 14. After reviewing the administrative record and the briefs filed by the parties, the Court **RECOMMENDS** Plaintiff's Motion, ECF No. 10, be granted and Defendant's Motion, ECF No. 11 be denied.

## JURISDICTION

Plaintiff protectively filed an application for Disability Insurance Benefits on February 4, 2020, and protectively filed an application for Supplemental Security Income in March 2021, alleging disability since January 20, 2020. Tr. 28, 78, 225-

REPORT AND RECOMMENDATION . . . - 1

26, 240-46. Her application for Disability Insurance Benefits was denied initially and upon reconsideration; her application for Supplemental Security Income was filed after the state agency determinations and was escalated to the hearing level. Tr. 49, 113-15, 125-31. Administrative Law Judge (ALJ) Stewart Stallings held a hearing on December 7, 2021, Tr. 45-77, and issued an unfavorable decision on January 21, 2022. Tr. 25-44. On May 16, 2022, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. The ALJ's January 21, 2022 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 23, 2022. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230

REPORT AND RECOMMENDATION . . . - 2

(9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On January 21, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 25-44.

At step one, the ALJ found Plaintiff, who meets the insured status requirements for the Social Security Act through December 31, 2024, had not engaged in substantial gainful activity since the alleged onset date. Tr. 30.

At step two, the ALJ determined Plaintiff had the following severe impairments: morbid obesity, a personality disorder, depression, fibromyalgia, hypertension, asthma, and L5 pars defect. *Id*.

1  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 31.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with the following nonexertional limitations:

> [Plaintiff] is occasionally able to operate foot controls, climb ramps and stairs, and balance, but is never able to climb ladders, ropes, and scaffolds, crouch, kneel, or crawl. [Plaintiff] is rarely (defined as up to 15% of the workday) able to stoop. [Plaintiff] is unable to have exposure to moving or dangerous machinery and unprotected heights. [Plaintiff] is limited to low stress work, defined as work that does not involve a production pace or conveyor belt requirement. She requires a predictable work environment. [Plaintiff] is able to have brief and superficial interaction with supervisors, coworkers, and the general public, but may have up to occasional interaction with supervisors and coworkers when necessary for training. [Plaintiff] must have a sit/stand option in which she is able to alternate positions from sitting to standing every thirty minutes for five minutes at a time while remaining at the workstation. Sit and stand at will would also be acceptable.

Tr. 33.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work. Tr. 37.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of routing clerk, marker, and small products assembler. Tr. 38.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from at any time from the alleged onset date through the date of the decision. Tr. 39.

REPORT AND RECOMMENDATION . . . - 4

# ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and Title XVI of the Social Security Act. The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ properly evaluated Plaintiff's symptom complaints (3) whether the ALJ properly explained the basis of the limitations in the RFC finding; and (4) whether the ALJ conducted a proper step-five analysis. ECF No. 10 at 1-2.

# DISCUSSION

**A.    Medical Opinion Evidence**

Plaintiff contends the ALJ improperly evaluated the opinions of Rita Flanagan, Ph.D., and Jerry Gardner, Ph.D. ECF No. 10 at 9-10. For claims filed on or after March 27, 2017, pursuant to the applicable regulations, the ALJ does not give any specific evidentiary weight to medical opinions or prior administrative medical findings. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how he or she considered the other factors,

but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

*1. Dr. Flanagan and Dr. Gardner*

On July 21, 2020, the state agency psychological consultant, Dr. Flanagan, reviewed Plaintiff's record and rendered an opinion on her level of functioning. Tr. 88-90. Dr. Flanagan opined Plaintiff had moderate limitations in her ability to maintain attention and concentration for extended periods, and moderate limitation in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; she explained Plaintiff was "able to maintain [concentration persistence and pace] for simple and well learned complex tasks." Tr. 89. Dr. Flanagan also opined Plaintiff had moderate limitation in her ability to respond appropriately to changes in the work setting; she explained Plaintiff "has some adaptive limitations but retains the capacity to work [within] the limits set above." Tr. 90. Dr. Flanagan noted Plaintiff's diagnoses of "depression/mood disorder/bipolar II and PTSD," and explained "[medical evidence review] finds current symptoms are improved [after] hospitalization and more consistent w/or better than her symptoms prior to hospitalization." *Id*. On March 5, 2021, Dr. Gardner affirmed Dr. Flanagan's opinion. Tr. 106-09.

The ALJ found the opinions of Dr. Flanagan and Dr. Gardner persuasive to the extent they were supported by the consultants' review of the records. Tr. 37. The more relevant objective evidence and supporting explanations that support a medical opinion, and the more consistent an opinion is with the evidence from other sources, the more persuasive the medical opinion is. 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). Here, the ALJ explained the opinions of Dr. Flanagan and Dr. Gardner that Plaintiff could "perform simple and well learned complex tasks" were persuasive to the extent that the opinions were supported by their review of the records, including both normal and abnormal clinical findings; the ALJ also found, however, that the state agency opinions were "inconsistent with evidence that has developed subsequently in the record," such as

REPORT AND RECOMMENDATION . . . - 7

DBT therapy, and hearing testimony regarding her anxiety. Tr. 37. The ALJ concluded "[a]ccordingly, a greater degree of mental limitations is warranted." *Id*. In fashioning the RFC, however, the ALJ failed to account for the limitation he found persuasive and also failed to explain if the greater degree of mental limitations warranted included any further limitation in terms of task complexity. Tr. 33, 37. This is insufficient.

The ALJ is required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court can affirm the ALJ's decision to deny benefits only on the grounds invoked by the ALJ). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Here, the ALJ found the state agency opinions persuasive as to a limitation in task complexity, but also that she was more limited than determined by the state agency consultants. Tr. 37. The ALJ, however, failed to include any limitation for task complexity or provide any rationale for formulating Plaintiff's RFC without such a restriction; and as the ALJ also concluded that a greater degree of mental limitation than found by the state agency was warranted, it is not clear to the Court if this would also include a greater limitation in task complexity. This is reversible error.

The harmless error analysis may be applied where even a treating source's opinion is disregarded without comment. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015). An error is harmful unless the reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Here, the reviewing psychologists opined that Plaintiff had limitations that restricted her ability to complete tasks beyond

1 | simple and well learned complex tasks.  Although Defendant contends that this
2 | error was harmless because the jobs identified by the vocational expert were
3 | consistent with the limitation, ECF No. 11 at 9, based on this record the Court
4 | cannot confidently conclude that the disability determination would remain the
5 | same were the RFC to properly include all the limitations the ALJ found
6 | persuasive, because while the ALJ found the limitation to task complexity
7 | persuasive, he also determined that "a greater degree of limitation [was]
8 | warranted" by evidence received after the state agency opinion.  Without further
9 | explanation it is not clear to the Court whether the greater degree of mental
10 | limitation included further limitations on task complexity.

Upon remand, the ALJ will reassess the medical evidence of record, including all medical opinion evidence, with the assistance of medical expert testimony.  The ALJ will set forth an analysis of the consistency and supportability of all medical opinions, as required by the regulations.  The ALJ is to incorporate the limitations in the opinions into the RFC or give reasons supported by substantial evidence to reject the opinions.

**B.    Symptom Claims**

Plaintiff contends Plaintiff contends the ALJ erred by improperly rejecting Plaintiff's subjective complaints.  ECF No. 10 at 3-8.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements.  *Andrews,* 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.

REPORT AND RECOMMENDATION . . . - 9

1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 35.

*1. Inconsistent with Objective Evidence*

The ALJ found Plaintiff's allegations were not consistent with objective findings. Tr. 35-36. An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

Here, the ALJ found Plaintiff's symptom reports were not consistent with objective findings including "both normal and abnormal range of motion, sensation, reflexes, tenderness to palpation in the lumbar and paraspinal region, straight-leg raise, and gait, which support some physical limitations but not the extent alleged." Tr. 35. The ALJ also found "while diagnostic imaging showed a degree of degenerative changes in the lumbar spine, an EMG showed normal findings," and that "Plaintiff's intermittent pain symptoms but normal neurological

signs and mobility show some functional limitations but not to the degree alleged [by Plaintiff]." Tr. 35. As Plaintiff points out, however, the ALJ discounted Plaintiff's pain complaints as inconsistent with objective medical evidence without considering the unique features of fibromyalgia, and despite citing findings supportive of her claims. ECF No. 10 at 5-6. "In evaluating whether a claimant's residual functional capacity renders them disabled because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods." *Revels v. Berryhill*, 874 F.3d 648, 662 (9th Cir. 2017). Fibromyalgia is a disease that eludes objective measurement. *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). Additionally, "a person with fibromyalgia may have 'muscle strength, sensory functions, and reflexes [that] are normal.'" *Revels*, 874 F.3d at 663. Normal objective examination results can be "perfectly consistent with debilitating fibromyalgia." *Id.* at 666. Additionally, "the symptoms of fibromyalgia 'wax and wane,' and a person may have 'bad days and good days.'" *Id.* While the mere diagnosis of an impairment is not sufficient to sustain a finding of disability, "[i]n evaluating whether a claimant's residual functional capacity renders them disabled because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods." *Id.* at 662.

Here, Plaintiff's symptom complaints include pain at a level of 7 out of 10 on good days, along with difficulty maintaining position and need to lie down at least three times a day due to pain and fatigue. *See* Tr. 54-58. Records show increased mental health symptoms in part due to chronic pain, and a provider attributed Plaintiff's memory problem to fibromyalgia. *See, e.g.*, Tr. 496, 512, 997, 1004. The ALJ failed to address her symptom claims or the medical evidence in terms of fibromyalgia, while also citing numerous abnormal findings upon exam that tend to support her claims of back and body pain. Tr. 34-35.

Additionally, while the ALJ noted degenerative changes in her lumbar spine, there is no discussion of imaging showing degenerative disc disease in her cervical spine, no discussion of the effects of morbid obesity on her musculoskeletal and other impairments, and no discussion of fibromyalgia and chronic pain in relation to her physical and mental health symptom claims in the decision. Tr. 28-39; *see* Tr. 401, 430, 512, 568-69, 580, 573, 704, 712-13, 1004, 1126, 1257, 1290, 1297-98, 1353. Without further discussion, on this record the ALJ's finding that Plaintiff's allegations were not consistent with objective findings was not a clear and convincing reason supported by substantial evidence to discount Plaintiff's symptom claims.

### 2. Other Reasons

The ALJ also discounted Plaintiff's symptom claims for other reasons. Tr. 35-36. Given the errors already discussed, the Court declines to consider additional reasons here. Because this claim is being remanded for further reconsideration of the medical opinion evidence, the ALJ shall also reassess Plaintiff's subjective claims in light of the record as a whole. Upon remand, the ALJ shall carefully reevaluate Plaintiff's statements with the assistance of medical expert testimony and any other evidence or testimony necessary.

### C.   RFC and Step Five

Plaintiff contends the ALJ also failed to adequately explain the basis for many of the limitations in the RFC finding and failed to properly resolve apparent conflicts between the Vocational Expert's testimony and the DOT at step five. ECF No. 10 at 10-16. Having determined a remand is necessary to readdress the medical opinion evidence especially as it relates to the limitations included in the RFC, the Court declines to reach these issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

Upon remand the ALJ is instructed to reconsider all medical evidence of record with the assistance of medical expert testimony, and to perform the sequential analysis anew, including the step five analysis with the assistance of vocational expert testimony.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and not free of harmful error. Plaintiff requests the decision be reversed and remanded for benefits, or in the alternative be remanded for further proceedings. ECF No. 10 at 15. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary to further develop the record, including obtaining medical expert testimony.

On remand, the ALJ is instructed to obtain all updated medical evidence. The ALJ shall reevaluate the medical evidence of record with the assistance of medical expert testimony. The ALJ is instructed to reperform the sequential analysis, making new findings on each of the five steps of the sequential evaluation process, reassess all medical opinion evidence using the factors required by the regulations, and to reassess plaintiff's subjective complaints, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS HEREBY RECOMMENDED** Plaintiff's Motion for Summary Judgment, **ECF No. 10**, be **GRANTED**; Defendant's Motion for Summary Judgment, **ECF No. 11**, be **DENIED**; and the District Court Executive enter **Judgment for Plaintiff REVERSING and REMANDING** the matter for

further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after receipt of the objection. Attention is directed to Fed. R. Civ. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72; LMJR 2, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to counsel.

DATED September 13, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION . . . - 15